IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYNARD MEMMINGER, :
    Plaintiff :
: CIVIL NO. 1:12-CV-1078
  v. :
: (Judge Caldwell)
MCCF, :
    Defendant :

*M E M O R A N D U M*

*I.    Introduction*

Raynard Memminger, an inmate at the Monroe County Correctional Facility (MCCF), in Stroudsburg, Pennsylvania, filed this *pro se* civil rights action alleging that prison officials are being deliberately indifferent to his serious medical needs by improperly monitoring and treating his diabetes. Memminger names MCCF as the sole defendant. Along with his complaint, he has filed two applications to proceed *in forma pauperis.* (Docs. 2 and 6).

Based on the request to proceed *in forma pauperis*, the Complaint is before the court for preliminary screening pursuant to 28 U.S.C. § 1915. In screening the Complaint, we will grant Memminger's motions to proceed *in forma pauperis* but dismiss MCCF from the action. Plaintiff will be allowed to amend his complaint to identify those individuals who have allegedly violated his Eighth Amendment rights by denying him adequate medical care for his diabetes.

*II.     Background*

Memminger, a 48-year-old diabetic, is presently housed at MCCF. (Doc. 1, Compl.) Immediately upon his arrival at MCCF he complained to prison medical officials that he was not receiving the Lantus brand insulin he used prior to incarceration. He was told that "this ain't burger king you don't have things your way." *Id*. A week later his blood sugars started to drop and he experienced repeated episodes of hypoglycemia. His continued requests for Lantus insulin, rather than the less expensive brand they are giving him, were denied. He is concerned that the mismanagement of his diabetes will destroy his kidneys.

Memminger also alleges that Donna Sutton, a nurse at the facility, fails to dispense his insulin in a sanitary manner. She allegedly fails to wipe the rubber top of the insulin bottle with an alcohol swab prior to drawing his insulin, and on at least one occasion, she gave him insulin with a "dirty needle." When Memminger voiced these concerns to Nurse Sutton, she told him "to take this f----in' needle and get out of here." *Id*. Memminger admits to cursing back at her, a declaration Corrections Officer Guzman overheard. Officer Guzman and Nurse Sutton wrote Memminger up for the abusive language and he was placed in "the hole" for seven days. *Id*.

Memminger notes that Officer Guzman was later fired for having "the keys on him" when he went outside "to take a smoke". *Id*. He also states that MRSA, a skin disease, is "going around" MCCF and he is concerned that the lack of proper handling of his diabetic supplies and medications by prison staff will result in his contracting MRSA.

Memminger does not specify if he seeks monetary or injunctive relief.

-2-

*III.    Standard of Review*

A complaint filed *in forma pauperis* may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929.  Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S.662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).  "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion

couched as a factual allegation.'"  *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

Finally, we note that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).  Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

IV.  *Discussion*

To state a § 1983 claim, a plaintiff must plead two essential elements:  (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003).  Personal involvement in the alleged wrongs is necessary for the imposition of liability in a civil rights action.  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988).  There is no *respondeat superior* liability in § 1983 actions.  *Evancho*, 423 F.3d at 353.

A county prison does not have the legal capacity to be sued in its own name. *Birckbichler v. Butler County Prison*, No. 07-1655, 2009 WL 2986611 at *5 (W.D. Pa. Sept. 17, 2009)(collecting cases). Hence, MCCF must be dismissed as a defendant. A proper defendant would be Northumberland County, but the County would not be liable under respondeat superior, only for a policy or custom that caused injury to Plaintiff. *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007).

Although Memminger's Complaint fails to state a cause of action against the sole defendant, MCCF, it is possible that this deficiency may be remedied by amendment. Individual defendants may also be named in an amended pleading. Thus, Memminger will be granted twenty-one days to file an amended complaint. If Memminger decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Memminger is advised that any amended complaint he may file supercedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the original complaint which are not alleged in an amended complaint are waived.

Memminger is also directed that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should

-5-

be sufficiently specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.  *Iqbal*, 556 U.S. at 343, 129 S.Ct. at 1948-49.  If he wishes to name the County, he must set forth specific facts showing that the County had a policy or custom that caused his injuries.  He shall also specify the relief he seeks with regard to each claim.  Memminger's failure to file an appropriate amended complaint within the required time will result in the dismissal of this action.

        We will issue an appropriate order.

                                                 /s/ William W. Caldwell
                                               William W. Caldwell
                                               United States District Judge

Date: June 18, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYNARD MEMMINGER,       :
    Plaintiff           :
                        : CIVIL NO. 1:12-CV-1078
  v.                    :
                        : (Judge Caldwell)
MCCF,                    :
    Defendant           :

## *O R D E R*

AND NOW, this 18th day of June, 2012, upon review of the Complaint (Doc. 1) under 28 U.S.C. ¶ 1915(e)(2)(B)(ii), it is ordered that:

    1. Plaintiff's Motions for leave to proceed in forma pauperis (Docs. 2 and 6) are construed as motions to proceed without full prepayment of fees and costs, and are granted.

    2. Plaintiff's complaint (Doc. 1) is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

    3. Within twenty-one (21) days from the date of this Order, Plaintiff may file an amended complaint in this action in accordance with the foregoing Memorandum.

    4. The Clerk of Court shall forward to Plaintiff two (2) copies of this Court's prisoner civil-rights complaint form which Plaintiff shall use in preparing any amended complaint he may file.

    5. Failure to file an amended complaint as directed within the required tie will result in the dismissal of this action.

                                  /s/ William W. Caldwell
                                   William W. Caldwell
                                   United States District Judge