IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYNARD MEMMINGER, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 1:CV-12-1078 |
| vs. | : | |
| | : | (Judge Caldwell) |
| MCCF, *et al.,* | : | |
| | : | |
| Defendants | : | |

### M E M O R A N D U M

I.    *Introduction*

On June 7, 2012, Raynard Memminger, an inmate housed at the Monroe

County Correctional Facility (MCCF), in Stroudsburg, Pennsylvania, filed this *pro se* civil

rights action alleging that prison officials are being deliberately indifferent to his serious

medical needs by improperly monitoring and treating his diabetes.  Originally, Memminger

named only MCCF as the sole defendant.  (*Id.*)  Upon screening the Complaint pursuant to

28 U.S.C. § 1915, the court dismissed MCCF, and directed Memminger to file an amended

complaint naming the individuals who allegedly violated his Eighth Amendment rights by

denying him adequate medical care for his diabetes.  On July 16, 2012, Memminger filed

his Amended Complaint naming three individual defendants: Dr. Moroz; Dr. Wilson; and RN

Wendy.  (Doc. 14).

Presently before the court is the defendants' motion to dismiss the Amended

Complaint.  Memminger has neither filed a brief in opposition to the defendants' motion nor

sought an enlargement of time to do so.  For the reasons that follow, the defendants'

motion will be granted.

II.     *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).  This inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  The court may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8, 127 S.Ct. 1955, 1969 n.8, 167 L.Ed.2d 929 (2007).  Instead, the court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  *Id.* at 556, 127 S.Ct. at 1966.

"Pro se complaints are 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Jackson v. Div. of Dev. Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(nonprecedential)(quoted case omitted). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoted case omitted).  *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend.  *See Phillips v. Cnty of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008)(citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).

However, dismissal without leave to amend is justified on grounds of bad faith, undue delay, prejudice, or futility. *Alston,* 363 F.3d at 235-36.

With these principles in mind, we set forth the background of this litigation, as Plaintiff alleges it.

III.     *Background*

The Statement of Claim of the Amended Complaint is as follows:

> The facts of my case is I've told both of the doctors + the RN Wendy time + time again that I need Lantus not Humulin N insulin.  I don't remember each date the place is in MCCF.  My blood sugar has been below 25 50 to 60 time(s) since I've been here that's damaging my kidneys + my liver.  In a run of a year it might happen to me 4 to 5 times a year not 50 to 60 times a year because they are giving me the wrong insulin.  They are trying to kill me I think.

(Doc. 14, Statement of Claim).  Memminger seeks monetary relief for the long-term effects the alleged mismanagement of his diabetes will have on his body.  (*Id.*, Relief).

IV.     *Discussion*

To establish an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden City. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

A finding of deliberate indifference must be based on what an official actually knew, rather than what a reasonable person should have known. *See Beers–Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001).  A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Deliberate indifference, however, can be established by a prison official's "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed*." Estelle*, 429 U.S. at 104-05, 97 S.Ct. at 291.

An inmate's mere disagreement with medical professionals "as to the proper medical treatment" of his medical complaint does not support an Eighth Amendment violation. *See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Likewise, a claim that a doctor or medical department was negligent does not rise to the level of an Eighth Amendment violation simply because the patient is a prisoner. *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292. Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id*. at 107, 97 S.Ct. at 293. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with

-4-

medical treatment is insufficient to establish deliberate indifference.  *See Spruill,* 372 F.3d
at 235; *see also Durmer v. O'Carroll,* 991 F.2d 64, 69 (3d Cir. 1993).

Memminger, a diabetic, alleges that the defendants violated his Eighth
Amendment rights when they failed to prescribe him the brand of insulin he was using prior
to incarceration (Lantus), but instead gave him another brand of insulin (Humulin N).  (Doc.
14, Am. Compl.)  As a result, Memminger has suffered repeated incidents of low blood
sugar.  As the medical defendants suggest, Memminger's objections to the brand of insulin
he was prescribed does not suggest defendants were deliberately indifferent to his diabetic
condition.  Rather, Memminger expresses nothing more than a disagreement the treatment
rendered by the defendants.  Moreover, he does not suggest that defendants ever failed to
treat his diabetes, monitor his blood levels, or make medical care available to him when he
did suffer bouts of hypoglycemia.  Accordingly, Plaintiff has not stated a claim of deliberate
indifference to a serious medical need.  As Memminger has failed to oppose or otherwise
respond to the defendants' motion, it would be futile to grant him leave to file an amended
complaint.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  September 9, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYNARD MEMMINGER,                    :
                                       :
        Plaintiff                      :
                                       :        CIVIL NO. 1:CV-12-1078
    vs.                                :
                                       :        (Judge Caldwell)
MCCF, *et al.,*                        :
                                       :
        Defendants                     :

## *O R D E R*

AND NOW, this 9th day of September, 2013, upon consideration of the

Defendants' motion to dismiss (Doc. 21), and in accordance with the accompanying

memorandum, it is ordered that:

> 1. The Defendants' motion to dismiss (Doc. 21) is granted.

> 2. Memminger's Eighth Amendment medical claims against
> Dr. Moroz; Dr. Wilson; and RN Wendy are dismissed with
> prejudice.

> 3. This action is hereby dismissed.

> 4. The Clerk of Court is directed to mark this matter closed.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge